## CIRCUIT COURT OF ARLINGTON COUNTY

First Virginia Bank

v.

Page Airways, Inc.

November 29, 1973

Case No. (Law) 16126

BY JUDGE CHARLES H. DUFF

Plaintiff seeks $905.00 damages for the alleged diminution in sales value of the Cessna 150 aircraft between the time of demand for possession in November, 1972, and the time possession was actually received in late October, 1973. Defendant seeks damages for storage of the aircraft subsequent to October 13, 1972, the date of the Bankruptcy Court's Order abandoning the property. Plaintiff's right to possession rests on ownership of the aircraft which is not disputed by defendant. Defendant's position is grounded upon applicable FAA regulations which it contends gave it the right to possession of the plane as against the plaintiff until various overdue charges were paid. Defendant further alleges negligence by plaintiff in not moving sooner to protect its rights after default by Greenwood in April, 1972.

I am of the view that the issue turns on the effect given to the FAA regulations. If in fact they gave defendant a possessory lien, then its refusal to surrender the plane was proper as is its claim for storage. If no lien on the specific property was created, regardless of what other cause of action defendant might have had for past charges, then its refusal to surrender the plane upon demand being made was unjustified and subjected defendant to damages proximately flowing from such refusal.

It is basic that liens are created only by contract or statute. *See*, 51 Am. Jur. 2d, *Liens*, § 6. As to statutory liens, the following is apropos from 51 Am. Jur. 177:

The terms of the statute are controlling with respect to the character, conditions, and extent of the lien, the fund to which it attaches, the persons who may be held liable, the amount recoverable, and the duration of the lien.

The FAA regulation does not, by its terms, create a lien on any specific property. The word "lien" is not employed. No method of enforcement is prescribed. The purport of the regulations is to deny the facilities of the airport in "taking off" to a customer who has not satisfied a stated debt for services. I do not find that this creates a lien on the specific aircraft and, accordingly, do not reach the question of priority of any such lien, if created, as against the ownership interest of the Bank. Thus, the defendant was unjustified in conditioning surrender of the plane upon payment of back charges contracted for by Greenwood.

However, the Bank's reliance upon § 43–32, Va. Code of 1950, as limiting its liability to $75.00 was misplaced, in my opinion. The Code does not apply to aircraft by terms, and I do not find that the word "vehicle" in the statute can be expanded to include aircraft. *See*, 165 A.L.R. 916. Finally, I find that under the totality of the circumstances revealed by the evidence, the Bank was not guilty of negligence in delaying its action as claimed by the defendant.

The defendant would be entitled to recover $100.00 for approximately one month of storage from October 13, 1972. Plaintiff is awarded judgment for $905.00 and likewise is entitled to the return of the escrow.